IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-010 |
| | ) | |
| MS. ARCHER; WARDEN BUTTS; | ) | |
| MRS. CASON; MRS. DeANN MORRIS; | ) | |
| OFFICER (Sgt.) FARMER; | ) | |
| MRS. MITZI HALL; LT. ONEAL; and | ) | |
| NURSE PULLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Autry State Prison in Pelham, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes: (1) Gaither v. Archar, 3:15-CV-043-DHB, doc. nos. 18, 27 (S.D. Ga. Aug. 25, 2015); (2) Gaither v. Pullin, 5:14-CV-260-MTT, doc. no. 6 (M.D. Ga. Aug. 21, 2014)[1]; and (3) Gaither v. Chapman, 3:13-CV-0125-CAP, doc. no. 5 (M.D. Ga. Dec. 9, 2013). The two cases from the Middle District qualify as strikes under

---

[1] Plaintiff filed a Notice of Appeal as to the dismissal of this case on September 24, 2014. Gaither, 5:14-CV-260-MTT, doc. no. 9. On April 10, 2015, the Eleventh Circuit Court of Appeals dismissed the untimely appeal for lack of jurisdiction. Gaither v. Pullin, No. 14-14846-A, slip op. pp. 1-2 (11th Cir. Apr. 10, 2015).

§ 1915(g) because they were dismissed for failing to state a claim. The prior case out of the Southern District was dismissed for failure to comply with a court order and providing dishonest filing information, and it also qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (failing to comply with court orders is an "abuse of the judicial process"); Pinson v. Grimes, 391 F. App'x 797, 798-99 (11th Cir. 2010) (failing to disclose previously filed cases properly results in strike). Because Plaintiff has at least three strikes, he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff's complaint primarily rehashes events he raised in Gaither v. Archar, 3:15-CV-043-DHB and Gaither v. Pullin, 5:14-CV-260-MTT concerning his medical treatment and living conditions at Johnson State Prison (JSP) dating back to 2013. (See generally doc. no. 1.) He also includes allegations concerning his medical treatment in 2014 and 2015, his placement in administrative segregation at JSP, and the disappearance of his legal mail. (See id.) Notably, however, as of January 3, 2016, the date Plaintiff signed the complaint in this case, he had been transferred to Autry State Prison. (Id. at 14.)

None of the allegations in the complaint concerning Plaintiff's time at JSP plausibly establish Plaintiff was in any imminent danger when he filed his complaint from Autry State Prison in January 2016.  See Medberry, 185 F.3d at 1193.  Likewise, the motion to amend the complaint that Plaintiff filed simultaneously with his original complaint mentions adding Assistant Attorneys from the Attorney General of Georgia's Office whom Plaintiff accuses of hindering his access to the courts by defending a prior lawsuit Plaintiff filed.  (See doc. no. 5.)  Nothing about litigating a prior lawsuit supports a plausible finding that Plaintiff is in imminent danger of serious physical injury.  Thus, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him, cannot satisfy the dictates of the "imminent danger" exception of § 1915(g), and thus fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.  Because Plaintiff is not entitled to proceed with this case, the Court also **REPORTS** and **RECOMMENDS** that his motions for appointment of counsel, motion to file an amended complaint, and motion for the return of his legal mail be **DENIED AS MOOT**.  (Doc. nos. 4, 5, 8.)  If Plaintiff wishes to proceed with any of the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would

require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 18th day of February, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA